UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:14-CV-419-GNS

JAMES RUSSELL SMITH                                          PLAINTIFF

v.

INTEGRAL STRUCTURES, INC.                                DEFENDANT

## **MEMORANDUM OPINION AND ORDER**

This matter is before the Court on a Motion for Judgment on the Pleadings (DN 10) filed by Defendant Integral Structures, Inc. ("ISI"). The motion has been fully briefed and is ripe for decision. For the reasons stated below, the motion is **DENIED**.

### I.      **BACKGROUND**

This action arises from the termination from employment of Plaintiff James Russell Smith ("Smith") for his employment with ISI and his claim for retirement benefits arising under the 1996 Salary Continuation Agreement ("SGA") with ISI. (Compl. 3, DN 1). The SGA provides for monthly payments of $1,666.66 per month for a period of 240 months upon Smith reaching the age of 65. (Compl. 3). Section 6 outlines the vesting of rights under the SGA and provides that all rights would terminate if Smith were terminated for reasons other than "total disability" or the "sale of the company" to third parties. (Compl., Ex. at 3, DN 1-2). The SGA defines "sale of the company" as sale of "substantially all" of ISI's assets to "new or different owners" or when such owners become "majority shareholders" in the company. (Compl., Ex. at 4).

In 2011, majority ownership of ISI was transferred from Dick and Beverly Eckert, to their son, Thomas Eckert. (Compl. 4). In January 2014, Eckert announced he was shutting down

the construction portion of the business and Smith was terminated. (Compl. 4). Following his termination, Smith did not receive any benefits under the SGA. (Compl. 4-5). On June 6, 2014, Smith filed this action alleging breach of contract and violations of 29 U.S.C. §§ 1132(a)(1)(B) and 1133 of the Employee Retirement Income Security Act ("ERISA"). (Compl. 1).

## II. JURISDICTION

The Court has subject matter jurisdiction in that this civil action arises under the laws of the United States, including, but not limited to 29 U.S.C. § 1132(a). The Court has supplemental jurisdiction over Smith's state law claims pursuant to 28 U.S.C. § 1367(a).

## III. STANDARD OF REVIEW

Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "The Court analyzes a Rule 12(c) motion for judgment on the pleadings under the same standard as a Rule 12(b)(6) motion." *Paulin v. Kroger Ltd. P'ship I*, No. 3:14CV-669-DJH, 2015 WL 1298583, at * 3 (W.D. Ky. Mar. 23, 2015) (citing *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010)). Thus, to survive a Rule 12(c) motion a complaint must establish "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "The plausibility standard is not akin to a probability requirement, it demands more than a sheer possibility that a defendant has acted unlawfully." *Id*. (internal quotation marks omitted) (citation omitted). The facts alleged in the complaint must "raise a right to relief above the speculative level" in order to survive a 12(c) motion. *Twombly*, 550 U.S. at 555.

2

"When ruling on a motion for judgment on the pleadings, the Court may examine the complaint and its exhibits, items appearing in the record of the case, and documents incorporated by reference into the complaint and central to the claims." *Paulin*, 2015 WL 1298583, at * 3 (citing *Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008); *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008)). "The Court must view the complaint in the light most favorable to the nonmoving party, accepting as true all well-pleaded factual allegations and drawing all reasonable inferences in the nonmoving party's favor." *Id.* (citing *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007)). A court need not, however, "accept as true the nonmoving party's legal conclusions or unwarranted factual allegations." *Id.* "The motion may be granted only if the moving party is nevertheless entitled to judgment as a matter of law." *Id.*

## IV.  DISCUSSION

"[A] breach of contract claim against a defendant arising out of a denial of benefits is essentially a claim for benefits under ERISA, 29 U.S.C. § 1132(a)(1)(B), and should be characterized as an ERISA action." *Barrow v. Aleris Int'l, Inc.*, No. 1:07CV-110-JHM, 2007 WL 3342306, at *7 (W.D. Ky. Nov. 7, 2007) (citations omitted). The plaintiff's rights must vest before the plaintiff is entitled to ERISA benefits. *See Crawford v. TRW Auto. U.S. LLC*, 560 F.3d 607, 610 (6th Cir. 2009). "To vest benefits is to render them forever unalterable." *Sprague v. Gen. Motors Corp.*, 133 F.3d 388, 400 (6th Cir. 1998). Rights vest under ERISA subject to the minimum requirements of 29 U.S.C. § 1053(a)(1)-(2). *Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432, 441 (1999). All vesting requirements set above the statutory minimum are established by private agreement between the parties. *Id.*

In order to determine vesting of ERISA benefits, the Court's analysis "necessarily entails looking to the terms" of the agreement between the parties to determine if benefits are

3

"conferred, vested, or terminated." *Price v. Bd. of Trs. of Ind. Laborer's Pension Fund*, 707 F.3d 647, 650 (6th Cir. 2013) (citation omitted). Specifically, the Court must consider whether a condition precedent necessary to give rise to benefits under the SGA has occurred. *See id*. at 654.

Smith alleges his 2014 termination was the result of the change of ownership which occurred in 2011. (Compl. 3-6). He maintains that there is a causal connection between the change of ownership and his termination three years later which triggers vesting rights under the SGA. (Compl. 3-6). ISI alleges that in order for Smith's rights to vest under Section 6 of the SGA, his termination must have been caused by the "sale of the company" as defined by Section (6)(b) of the agreement. (Def.'s Mot. for J. on the Pleadings 7, DN 10). Since there is no allegation that the SGA fails to meet the minimum requirements of 29 U.S.C. §§ 1053(a)(1)-(2), Smith's claim is based on the terms of the SGA rather than statutory standards. *Hughes*, 525 U.S. at 441.

While it appears plausible that a change of ownership within the meaning of Section (6)(b) occurred, it is less clear whether there is a causal connection between the change of ownership and Smith's 2014 termination.[1] Specifically, Section 6 of the SGA appears to require Smith's termination to be the result of change of ownership as defined by Section (6)(b). (Compl. Ex. at 4). In sum, the Court cannot grant ISI's Motion for Judgment on the Pleadings if Smith raises a plausible argument that his rights vested under the SGA. *See Hughes*, 525 U.S. at 441; *Twombly*, 550 U.S. at 570. Therefore, the Court must determine in a light most favorable to Smith whether enough uncertainty exists on this issue to deny ISI's Motion for Judgment on the Pleadings. *Commercial Money Ctr., Inc.*, 508 F.3d at 336.

---

[1] The SGA provides that a vesting of retirement benefits occurs upon termination as a result of a "sale of company." (Compl., Ex. at 4). Under Section 6, a "sale of company" is defined as a transfer of ownership of a "majority of shares" or "substantially all assets." (Compl., Ex. at 4). Based upon the allegations in this case, Smith has provided a plausible argument that one or both conditions occurred.

4

ISI cites *Parker v. Union Planters Corp.*, 203 F. Supp. 2d 888, 900-01 (W.D. Tenn. 2002), as support for its argument that three years is long enough to break the causal chain between the change of ownership in 2011 and Smith's termination in 2014. (Def.'s Mot. for J. on the Pleadings 7). *Parker*, however, is factually distinguishable from the facts involved in this case. While the termination in *Parker* occurred sixteen years after the change of ownership, Smith has alleged that his termination occurred only three years later. *Id.* at 901; (Compl. 3-6). Thus, *Parker* involved a gap of time more than five times the time period pleaded in this case.

ISI argues that such a lengthy time gap exists, but incorrectly measures this period from the time the SGA was executed, rather than the time a change of ownership occurred in the company. (Def.'s Mot. for J. on the Pleadings 8). *Parker* does not suggest that the time of execution is determinative for the purposes of vesting. *See id.* at 901. Instead, the time from the occurrence of a condition precedent is the operative period to determine whether vesting has occurred. *Id.* As in *Parker*, that time is the lapse between the alleged occurrence of the condition precedent and the plaintiff's termination. *Id.* Thus, the relevant time period is measured from the alleged 2011 change in ownership and Smith's termination in 2014. (Compl. 3-6).

Since the change of ownership was a condition precedent to the vesting of rights under ERISA, the facts pleaded indicate a relevant time gap of three years. (Compl. 3-6). A time period of three years from the date of change of ownership to termination does not so clearly indicate a lack of vesting as to render Smith's claim implausible. Smith's claim establishes enough facts to rise above the "speculative level" to survive a 12(c) motion. *See Twombly*, 550 U.S. at 555. Therefore, the Court denies ISI's Motion for Judgment on the Pleadings with regard to Smith's breach of contract claim. (Compl. 5-6). Furthermore, all remaining claims flow from the alleged breach of contract and the issue of vested rights based on the occurrence of a condition precedent under the SGA. (Compl. 6-10).

5

## V.   CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant Integral Structures, Inc.'s Motion for Judgment on the Pleadings (DN 10) is **DENIED**.

**Greg N. Stivers, Judge**
**United States District Court**
September 21, 2015

cc:   counsel of record